Filed 4/30/21  P. v. Parker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074742 |
| v. | (Super.Ct.No. ICR22535) |
| KERRY LUGENE PARKER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

REQUEST FOR JUDICIAL NOTICE.  Granted in part and denied, without

prejudice, in part.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Senior Assistant Attorney General, and Lynne G. McGinnis

and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1997, petitioner Kerry Lugene Parker was convicted on three counts of first degree murder, with felony-murder special circumstances, on a felony-murder theory. In 2019, he filed a petition to be resentenced under the then-recently amended version of the felony-murder statute. (See § 1170.95.)[1] The trial court denied the petition; it ruled that the felony-murder special circumstance findings conclusively established that he was not eligible for relief.

Petitioner contends that this was error. It will take the bulk of this opinion for us to explain exactly what the issue is and how it arose in this case. Its resolution, however, is simple. Under a recently published opinion of this court, the trial court's ruling was correct. Hence, we will affirm.

I

FACTUAL, PROCEDURAL, AND LEGAL DEVELOPMENTS

A.     *The Tison Standard*.

Under *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*), a person found guilty of murder on a felony-murder theory cannot constitutionally be sentenced to death unless he or she either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (*Id*. at pp. 150, 158.)

---

**1**     This and all further statutory citations are to the Penal Code, unless otherwise specified.

In 1990, Proposition 115 amended section 190.2 so as to expressly incorporate this requirement of *Tison* and to make it applicable to life without the possibility of parole. (See now § 190.2, subds. (b), (c), (d).)

B.     *Statement of Facts*.

The following facts are taken from the probation report.  As they are not necessarily the same as the facts shown at trial, we use them only to afford some brief general background.

In April 1993, petitioner and his accomplices went to a drug dealer's apartment to rob him.  Defendant participated in planning the robbery.  During the robbery, the drug dealer and two other people in his apartment were killed.  All three of the victims were shot; two were additionally slashed or stabbed.

C.     *Petitioner's Conviction and Appeal*.

At petitioner's trial, in 1997, the jury was instructed on the felony-murder rule.  It was also instructed, in accordance with *Tison*, that it could not find the felony-murder special circumstances to be true unless petitioner either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  (CALJIC 8.80.1.)

Petitioner was found guilty on three counts of first-degree murder (§§ 187, subd. (a), 189, subd. (a)), each with an armed principal enhancement (§ 12022, subd. (a)(1)). Robbery-murder (former § 190.2, subd. (a)(17)(i); see now § 190.2, subd. (a)(17)(A)) and burglary-murder (former § 190.2, subd. (a)(17)(vii); see now § 190.2, subd. (a)(17)(G))

3

special circumstances were found true.[2]  Petitioner was sentenced to life without the possibility of parole plus one year.

In 2002, this court affirmed the judgment.  (*People v. Parker* (Feb. 19, 2002) E021559 [review den. and opn. ordered nonpub., May 15, 2002].)  Petitioner did not challenge the felony-murder special circumstances in that appeal.  (*Ibid*.)

D.    *Banks* and *Clark*.

In 2015 and 2016, the California Supreme Court issued two opinions relating to the meaning of "major participant" and "reckless indifference to human life."

First, in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), the evidence showed that defendant Matthews acted as the getaway driver in a planned armed robbery, which turned into a murder when another participant shot a security guard.  (*Id*. at p. 795.)  Our Supreme Court held that, under *Tison*, this was insufficient evidence that he was a major participant (*Banks*, *supra*, at pp. 804-807) as well as insufficient evidence that he acted with reckless indifference to life.  (*Id*. at pp. 807-811.)  It disapproved cases holding that mere knowledge that one's accomplice in a robbery is armed is sufficient to establish reckless indifference to human life.  (*Id*. at p. 809, fn. 8.)

In 2016, in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), the Supreme Court found insufficient evidence that the defendant acted with reckless indifference to life. (*Id*. at pp. 614-623.)  It specifically listed five factors that are potentially relevant to this

---

**2**    A multiple murder special circumstance (§ 190.2, subd. (a)(3)) was also found true.

4

inquiry. First, "[a] defendant's *use* of a firearm, even if the defendant does not kill the victim or the evidence does not establish which armed robber killed the victim, can be significant to the analysis of reckless indifference to human life." (*Id*. at p. 618.) Second, a defendant's physical presence at the scene, while not absolutely required, is relevant, as is the failure to render aid to a victim. (*Id*. at pp. 619-620.) Third, the duration of the felony is relevant. (*Id*. at pp. 620-621.) Fourth, it is relevant whether the defendant knows that an accomplice has a propensity to violence, especially lethal violence. (*Id*. at p. 621.) Fifth, it is relevant, although not controlling, that the defendant took steps to minimize the risk to human life. (*Id*. at pp. 621-622.)

E. *Senate Bill No. 1437*.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.) SB 1437, among other things, amended section 189 so as to provide that the felony murder rule (§ 189, subd. (a)) applies to a person only if:

"(1) The person was the actual killer.

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

5

"[(4) T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f).)

SB 1437 also enacted section 1170.95, which allows a person who has been convicted of first or second degree murder under a felony murder theory, but who could no longer be so convicted under SB 1437, to petition to have the conviction vacated. If the underlying felony was not charged, the conviction is reduced to the underlying felony, and the petitioner is resentenced. (§ 1170.95, subd. (e).) The petitioner also must be resentenced on any remaining counts. (§ 1170.95, subd. (a).)

F.      *Petition for Resentencing.*

In 2019, petitioner, in propria persona, filed a petition for resentencing under section 1170.95. The petition incorporated by reference a proposed habeas petition, also in propria persona.[3] In the habeas petition, he alleged, among other things, that there was insufficient evidence to support the findings — necessary to support the felony-murder special circumstances — that he was a major participant in the underlying felonies and that he acted with reckless indifference to human life. Counsel was appointed for petitioner.

---

[3]      The habeas petition had no file stamp. Defense counsel later represented that the habeas petition (or possibly a different habeas petition, drafted by counsel) had not been filed, but it was "ready to be filed . . . ." The record contains no indication that it was ever actually filed.

6

The People filed an opposition to the petition. As relevant here, they argued: "[A] review of readily available records contained in the court's judicial access database demonstrates petitioner was found guilty of first degree murder with true findings on a felony murder special circumstance that would have required, at a minimum, the jury find petitioner was a major participant and acted with reckless disregard. (See *People v. Parker* (2002) 117 Cal.Rptr.2d 95 (depublished).)"

At a status conference, the prosecutor moved to dismiss the petition. He argued: "According to records available in imaging, the defendant was convicted of murder with felony murder and multiple murder special circumstances found true. . . .

"Jury instructions are in imaging. There were instructions on felony murder, but CALJIC 8.80.1 was given that required the jury to find intent to kill or that defendant was a major participant acting with reckless indifference in order to find the . . . special circumstances true."

Defense counsel declared a conflict of interest; he asked the trial court to stay the matter until (1) new counsel could be appointed and (2) petitioner's habeas petition could be filed and adjudicated. He said that, because he had a conflict, he was "uncomfortable making an objection for the record." However, he also said, "I understand the district attorney's office position, and I don't disagree with that resuscitation [*sic*; sc. "recitation"]."

The trial court granted the motion; thus, it denied the petition. It explained: "[E]ven before appointing counsel, I can . . . review the Court's own records. I can look

at the appellate record . . . . If you have no issue, well, accepting [the prosecutor]'s representations as an officer of the Court, I would be inclined to dismiss this case."

## II

### THE PEOPLE'S REQUEST FOR JUDICIAL NOTICE

Preliminarily, the People have requested judicial notice of the entire appellate record in petitioner's direct appeal, *People v. Parker*, Case No. E021559. In their brief, they rely on the reporter's transcript from the trial to support their statement of facts. They then argue that the facts as thus shown demonstrate that petitioner was a major participant in the robbery and burglary and did act with reckless indifference to human life, and therefore the asserted error was harmless.

Petitioner opposes the request. He argues that the trial transcript was not before the trial court when it ruled on the petition. He adds that, if a "review [of] the record of the original 1997 trial . . . is necessary, appella[nt]'s counsel should be allowed to review the record and present appropriate arguments."

The record in the previous appeal is a proper subject of judicial notice. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).) However, "[r]eviewing courts generally do not take judicial notice of evidence not presented to the trial court. Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.' [Citation.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)

Here, the prosecutor asked the trial court to take judicial notice of specific court records — the jury verdicts, the felony-murder instructions, CALJIC No. 8.80.1, and our previous opinion. By accepting the prosecutor's representation, the trial court essentially took judicial notice of those records.[4] Thus, we take judicial notice of the same matters.

The prosecutor did not ask the trial court to take judicial notice of the trial transcript, and it did not. Thus, under the general rule stated above, we would not take judicial notice of it.

One exception to this general rule, however, is that we may take judicial notice of a matter not judicially noticed by the trial court in deciding whether an error was prejudicial or harmless. That issue does not go to "the correctness of a trial court's judgment." Harmless error is an issue for us, not for the trial court, to decide in the first instance. Therefore, we may take judicial notice of matters that were not before the trial court, "not to assess whether error occurred, but to assess whether there was resulting prejudice . . . . [Citations.]" (*In re Z.N.* (2009) 181 Cal.App.4th 282, 298-299.)

Accordingly, we could take judicial notice of the trial transcript, albeit solely for the purpose of evaluating the prejudicial effect of any error. In part III, *post*, however we will hold that there was no error at all. Hence, we do not need to evaluate prejudice from

---

**4** Alternatively, it relied on the prosecutor's representations without taking judicial notice. Thus, we, too, may rely on those representations. (See *People v. Mroczko* (1983) 35 Cal.3d 86, 112 ["'[A]ttorneys are officers of the court, and "'when they address the judge solemnly upon a matter before the court, their declarations are virtually made under oath.'"'"], disapproved on unrelated grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

the error.  We therefore deny the request for judicial notice of the trial transcript, without prejudice.  Should the trial transcript become relevant to future appellate proceedings, the People may ask us reconsider the request, or we may reconsider it on our own motion.

III

THE EFFECT OF THE FELONY-MURDER SPECIAL CIRCUMSTANCES

Petitioner contends that the trial court erred by ruling that the jury's true findings on the felony-murder special circumstances conclusively established that he was not eligible for resentencing.  He argues that *Banks* and *Clark* significantly narrowed the definition of both "major participant" and "reckless indifference to human life," so that the jury's pre-*Banks* and *Clark* true findings do not establish that he comes within that definition.

Recently, however, in *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), review granted January 27, 2021, S265854, this court rejected an identical contention.  (*Id*. at pp. 482-485.)  We held that "*Banks* and *Clark* did not change the law," and therefore "[a] special circumstance finding renders [a petitioner] ineligible for relief under section 1170.95 as a matter of law."  (*Id*. at pp. 480-481.)

We readily acknowledge that there is a split of authority on this point.  (*Jones*, *supra*, 56 Cal.App.5th at pp. 482-483.)  Unless and until the Supreme Court tells us otherwise, however, we adhere to our opinion in *Jones*.  As petitioner correctly notes, a review-granted opinion like *Jones* "has no binding or precedential effect."  (Cal. Rules of

10

Court, rule 8.1115(e).) But, as he omits to mention, it remains "persuasive" (*ibid*), especially in this court.**5**

As we suggested in *Jones* (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479, and cases cited), a person in petitioner's position is not wholly without a remedy. He or she can challenge prior special circumstance findings in a habeas proceeding. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 676-683.) We express no opinion as to whether, in petitioner's case, there might be some procedural bar to such a proceeding at this point.

IV

DENIAL OF THE RIGHT TO COUNSEL

Petitioner contends that he was denied his right to counsel when the trial court proceeded to deny his petition after his counsel declared a conflict.

The right to counsel in proceedings under section 1170.95 is not constitutional (*People v. Falcon* (2020) 57 Cal.App.5th 272, 279, review granted Jan. 27, 2021, S266041; see *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064 [Prop. 36]; see also *Dillon v. United States* (2010) 560 U.S. 817, 828-829); it is purely statutory. (§ 1170.95, subd. (c).)

---

**5** Earlier, in *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490, we held: "[T]he trial court erred by concluding the special circumstance finding, on its own, rendered Law ineligible for relief [under section 1170.95] . . . ." (*Id.* at p. 825.) We follow *Jones*, rather than *Law*, because *Jones* is more recent. (*In re Lane* (1962) 58 Cal.2d 99, 105 ["It is an established rule of law that a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not."].)

Here, the trial court had already appointed counsel for petitioner, and it had allowed the People to file an opposition to the petition. There is a split of authority as to exactly when the right to counsel attaches in a section 1170.95 proceeding; this issue is pending before the California Supreme Court. However, courts on both sides agree that, under the circumstances here, it had already attached. (Compare *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, review granted Nov. 10, 2020, S264684, with *People v. Verdugo* (2020) 44 Cal.App.5th 320, 322-333, review granted Mar. 18, 2020, S260493.)

It follows that the trial court erred by adjudicating the petition at a time when petitioner's counsel had a conflict of interest, rather than continuing the matter so new counsel could be appointed.

Once again, however, the error was purely statutory; it did not implicate the federal constitution. Accordingly, it was not structural error, which would be reversible per se (see *People v. Law*, *supra*, 48 Cal.App.5th at p. 826); rather, it was subject to the state constitutional harmless error standard. (Cal. Const. art. VI, § 13.) That standard asks whether "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

The answer is, "No." Even if we were to apply the federal constitutional "beyond a reasonable doubt" standard, we would conclude that the error was harmless. For the reasons already discussed, the record conclusively established that petitioner was not

eligible for relief unless and until he could invalidate the special circumstance findings

via habeas.  The appointment of new counsel could have made no difference.

V

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

MILLER

J.

SLOUGH

J.